United States District Court

For The District of Wyoming



FILED

4:36 pm, 9/30/24

U.S. Magistrate Judge

AJ LOGISTICS LLC d/b/a BLU AUTO,

    Plaintiff,

vs.

BARTLETT VENTURES LLC d/b/a WYOMING DIESEL SERVICE,

    Defendants,

Case No. 24-CV-00147-SWS

## INITIAL PRETRIAL ORDER

On September 30, 2024, an initial pretrial conference was held in this matter under Fed. R. Civ. P. 16 and U.S.D.C.L.R. 16.1 before the Honorable Stephanie A. Hambrick, United States Magistrate Judge for the District of Wyoming. Participating counsel included Mr. Jason Ochs on behalf of Plaintiff, and Mr. Trevor Schenk representing Defendant. After hearing from the parties, the Court set forth the following trial schedule.

**(a) JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**(b) CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a) and acknowledge that this case will proceed before the District Judge assigned hereto and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge at least sixty (60) days prior to the trial date.

**(c) CLAIMS AND DEFENSES —**

<u>Plaintiff</u>:

Plaintiff alleges breach of contract, misrepresentation, and breach of warranty by Defendant as they relate to repairs undertaken by Defendant to Plaintiff's commercial truck.

<u>Defendant</u>:

Defendant denies all allegations.

**(d) COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**(e) RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**(f) SELF EXECUTING ROUTINE DISCOVERY, DISCOVERY DISPUTES, AND DUTY TO SUPPLEMENT—**

(1) The parties will comply with the initial disclosure exchanges required by Fed. R. Civ. P. 26(a)(1) no later than **Wednesday, October 30, 2024**.

(2) Pursuant to U.S.D.C.L.R 37.1(b), the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Hambrick's Chambers prior to filing any written discovery motions.

> (3) The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure.

**(g) PROPOSED ORDERS —**

Proposed orders regarding non-dispositive motions filed in this matter should be submitted to Judge Hambrick's chambers in Microsoft Word format via email to **wyojudgesah@wyd.uscourts.gov**. Proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Microsoft Word format via email to **wyojudgesws@wyd.uscourts.gov**.

**(h) AMENDMENT OF PLEADINGS — Friday, November 29, 2024**

Any motions to amend the pleadings or add additional parties shall be filed on or before **Friday, November 29, 2024**.

**(i) EXPERT WITNESS DESIGNATION —**

> **Plaintiff's Designation Deadline — Monday, February 24, 2025**
>
> **Defendants' Designation Deadline — Wednesday, March 26, 2025**

The parties shall designate expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2), U.S.D.C.L.R. 26.1(e), and the following:

> (1) Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by **Monday, February 24, 2025**. Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by **Wednesday, March 26, 2025**.
>
> (2) These summaries shall include a comprehensive statement of the expert's opinions and the bases for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th

Cir. 1980) (reversing $800,000 jury verdict where the plaintiff's medical expert's testimony exceeded the scope of the designation and summary). This expert designation with summary does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) for retained experts; the parties must still disclose, and file with the Court, their written expert reports required by Rule 26(a)(2)(B). *See Vincent v. Nelson*, 51 F.4th 1200 1213-22 (10th Cir. 2022) (discussing and contrasting disclosure requirements for retained experts versus non-retained experts).

(3)    In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness shall designate that medical or mental health provider as an expert witness.

(4)    The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witness will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

(5)    A party may depose the opposing party's experts after the discovery cutoff date but must complete the depositions fourteen (14) days prior to the final pretrial conference.

(6)    The parties shall serve upon one another, and file with the Court, their written

expert and summary reports pursuant to Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure.

**(j) LISTING OF OTHER WITNESSES — Thursday, April 10, 2025**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before **Thursday, April 10, 2025**. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**(k) DISCOVERY CUTOFF DATE — Thursday, May 22, 2025**

The discovery cutoff date is **Thursday, May 22, 2025**. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date. The parties have agreed to increase the number of fact depositions to fifteen per side.

**(l) DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).; And Fed. R. Evid. 702.

>   **Filing Deadline – Thursday, June 5, 2025**
>
>   **Response Deadline – Thursday, June 19, 2025**
>
>   **Dispositive Motion Hearing – Thursday, June 26, 2025, at 1:00 p.m.**

(1) The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is **Thursday, June 5, 2025**. The parties shall file responsive briefs and materials on or before **Thursday, June 19, 2025**.

(2) If a dispositive motion or *Daubert* challenge is filed sooner the above deadline, then a response is due within 21 days of the filing. Each party is limited to a single dispositive motion of 25-pages unless otherwise allowed by the Court. The parties shall strictly comply with all other provisions of U.S.D.C.L.R. 7.1.

(3) The dispositive motions are hereby set for oral hearing before the Honorable Scott W. Skavdahl on **Thursday, June 26, 2025, at 1:00 p.m.** at the Ewing T. Kerr Federal Building in Casper, Wyoming. [2]

**(m) STIPULATIONS AS TO FACTS — July 3, 2025**

The parties shall exchange proposals for stipulations as to facts. The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiffs seek to stipulate and Defendants do not, and packet #3 shall include the facts to which Defendants seek to stipulate and Plaintiffs do not. The parties shall file these packets with the Court by **July 3, 2025**.

---

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

**(n) MOTIONS IN LIMINE —**

    **Filing Deadline – Thursday, July 3, 2025**

    **Response Deadline – Thursday, July 17, 2025**

Motions in Limine or motions relating to the exclusion of evidence, limited to 15 pages contained in a single motion, shall be filed no later than **Thursday, July 3, 2025**. Responses shall be filed no later than **Thursday, July 17, 2025**. If a motion in limine is filed sooner the above deadline, then a response is due within fourteen (14) days of the filing. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference. No replies are permitted without leave of the Court.

**(o) FINAL PRETRIAL CONFERENCE — Thursday, July 24, 2025, at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled for **1:00 p.m.** on **Thursday, July 24, 2025**, at the Ewing T. Kerr Federal Building in Casper, Wyoming before the Honorable Scott W Skavdahl. Counsel for the parties shall appear in person.

    (1) Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed Final Pretrial Order prepared for Judge Skavdahl's signature in the format provided on the District Court Website (www.wyd.uscourts.gov) under civil forms for Judge Skavdahl. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Skavdahl's chambers. All represented parties are jointly responsible for the preparation of the proposed Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers in Microsoft Word (but not filed) via e-mail to wyojudgesws@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

    (2) Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists and witness lists must be included as part of the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

    (3) Copies of all exhibits in either electronic or paper form must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.

**(p) EXHIBIT PREPARATION —**

Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

    **(1) Marking Exhibits.** All exhibits must be marked by the parties before trial. Plaintiff shall list and mark each exhibit with numerals and the case number, e.g., "Case 23CV990 Plaintiff's Exhibit 1." Defendant shall list and mark each exhibit with letters and the case number, e.g., "Case 23CV990 Defendant's Exhibit A." In the event there are multiple plaintiffs and/or defendants, please identify the particular party in the exhibit marking, e.g., "Case 23CV990 Plaintiff Smith Exhibit 1" or "Case 23CV990 Defendant Smith, Inc. Exhibit A." Unambiguous abbreviations may also be used, such as "Case 23CV990 P's Ex. 1." U.S.D.C.L.R. 16.2(b)(2).

    **(2) Elimination of Duplicate.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be

8

marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

**(3)** **Copies for the Court.** Before trial, each party must supply the Court with one (1) hard copy and one (1) electronic/digital copy of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**(q) EXHIBIT LISTS —**

The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

(1) **Category A.** No objections. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B.** These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or

9

relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

(2) Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

(3) Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived.

**(r) WITNESS LISTS —**

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition, or by video tape.

In bench trials, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness Statement, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

**(s) JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court uses the Jury Evidence Recording System (JERS) for the electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). JERS allows jurors to review evidence (documentary, photo, or video exhibits) on a large flat panel monitor during deliberations. The parties must provide their trial exhibits in electronic format on a

USB drive, DVD, or CD to the office of the Clerk of Court no later than 7 days prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Individual files should not exceed 500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**(t)  JURY TRIAL — Monday, August 18, 2025**

A jury trial is set before the Honorable Scott W Skavdahl for **9:00 a.m.** on **Monday, August 18, 2025**, in Casper, Wyoming, and is expected to last five (5) days.  This case is stacked #1 on the Court's docket.  U.S.D.C.L.R. 40.1(a).

**(u)  PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS AND VERDICT FORMS, AND JOINT STATEMENT —**

At least seven (7) days before the trial, the parties shall exchange and file proposed voir dire questions, jury instructions, special verdict form, and a joint statement (all subject to the parties' right to supplement such proposals at trial due to matters that cannot be reasonably foreseen).

(1) The proposed jury instructions and special verdict forms shall also be submitted directly to Judge Skavdahl's chambers via email to wyojudgesws@wyd.uscourts.gov.  The instructions must be formatted as a single document for Word and shall include citations to authority but should not include a signature block at the bottom of each instruction.

11

(2) The parties' joint statement shall set forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The joint statement will serve as the basis for informing the jury panel of the background of the case prior to voir dire. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**(v) SETTLEMENT POSSIBILITIES —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

Dated this 30th day of September, 2024.

*Stephanie Hambrick*
Stephanie A. Hambrick
United States Magistrate Judge